UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| ERNEST M. BARELA, | NO. C-08-0592-VRW |
| Petitioner, | ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS |
| v | |
| CLAUDE FINN, Warden, | |
| Respondent. | |

Petitioner Ernest M Barela, a state prisoner incarcerated at the Deuel Vocational Institution in Tracy, CA, seeks a writ of habeas corpus under 28 USC § 2254 challenging the California Board of Prison Terms' ("BPT") March 29, 2007 decision to deny him parole.

Per order filed on July 15, 2008, the court (Goldner, MJ) ordered respondent to respond to the petition for writ of habeas corpus. Respondent has filed an answer addressing the merits of the petition and petitioner has filed a traverse.

I

In 1979, petitioner pleaded guilty to kidnap for robbery in the Superior Court of the State of California in and for the County of Stanislaus and was sentenced to an indeterminate term of seven years to life in state prison.

Petitioner has previously been found not suitable for parole when he has appeared before the BPT.  On March 29, 2007, the BPT again found him not suitable for parole and denied him a subsequent hearing for one year.  Petitioner then challenged the BPT's March 29, 2007 decision in the state courts.  After the Supreme Court of California denied his final state habeas petition, the instant petition for a writ of habeas corpus followed.

II

A

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified under 28 USC section 2254, provides "the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even when the [p]etitioner is not challenging his underlying state court conviction."  White v Lambert, 370 F3d 1002, 1009-10 (9th Cir 2004).  Under AEDPA, this court may entertain a petition for habeas relief on behalf of a California state inmate "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 USC section 2254(a).

The writ may not be granted unless the state court's

2

adjudication of any claim on the merits: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 USC § 2254(d).  Under this deferential standard, federal habeas relief will not be granted "simply because [this] court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable."  <u>Williams v Taylor</u>, 529 US 362, 411 (2000).

While circuit law may provide persuasive authority in determining whether the state court made an unreasonable application of Supreme Court precedent, the only definitive source of clearly established federal law under 28 USC section 2254(d) rests in the holdings (as opposed to the dicta) of the Supreme Court as of the time of the state court decision.  Id at 412; <u>Clark v Murphy</u>, 331 F3d 1062, 1069 (9th Cir 2003).

B

Petitioner seeks federal habeas corpus relief from the BPT's March 29, 2007 decision finding him not suitable for parole and denying him a subsequent hearing for one year, on the ground that the decision does not comport with due process.  Petitioner claims that the BPT improperly based its decision on the

3

unchanging facts of his commitment offenses and past criminal history and that the evidence cited by the BPT is not reliable evidence that he poses a current danger to society.  Petitioner also claims that his continued incarceration violates the terms of his plea agreement.

Under California law, prisoners serving indeterminate life sentences, like petitioner, become eligible for parole after serving minimum terms of confinement required by statute.  In re Dannenberg, 34 Cal 4th 1061, 1069-70 (2005).  At that point, California's parole scheme provides that the board "shall set a release date unless it determines that the gravity of the current convicted offense or offenses, or the timing and gravity of current or past convicted offense or offenses, is such that consideration of the public safety requires a more lengthy period of incarceration."  Cal Penal Code § 3041(b).  Regardless of the length of the time served, "a life prisoner shall be found unsuitable for and denied parole if in the judgment of the panel the prisoner will pose an unreasonable risk of danger to society if released from prison."  Cal Code Regs tit 15, § 2402(a).  In making this determination, the board must consider various factors, including the prisoner's social history, past criminal history, and base and other commitment offenses, including behavior before, during and after the crime.  See Cal Code Regs tit 15, § 2402(b) - (d).

California's parole scheme "gives rise to a cognizable liberty interest in release on parole which cannot be denied without adequate procedural due process protections."  Sass v

California Bd of Prison Terms, 461 F3d 1123, 1128 (9th Cir 2006); McQuillion v Duncan, 306 F3d 895, 902 (9th Cir 2002).  It matters not that a parole release date has not been set for the inmate because "[t]he liberty interest is created, not upon the grant of a parole date, but upon the incarceration of the inmate."  Biggs v Terhune, 334 F3d 910, 914-15 (9th Cir 2003).

Petitioner's due process rights require that "some evidence" support the board's decision finding him unsuitable for parole.  Sass, 461 F3d at 1125.  This "some evidence" standard is deferential, but ensures that "the record is not so devoid of evidence that the findings of [the board] were without support or otherwise arbitrary."  Superintendent v Hill, 472 US 445, 457 (1985).  Determining whether this requirement is satisfied "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence."  Id at 455-56.

Due process also requires that the evidence underlying the parole board's decision have some indicia of reliability. Biggs, 334 F3d at 915; McQuillion, 306 F3d at 904.  Relevant to this inquiry is whether the prisoner was afforded an opportunity to appear before, and present evidence to, the board.  See Pedro v Oregon Parole Bd, 825 F2d 1396, 1399 (9th Cir 1987).  If the board's determination of parole unsuitability is to satisfy due process, there must be some evidence with some indicia of reliability, to support the decision.  Rosas v Nielsen, 428 F3d 1229, 1232 (9th Cir 2005).

C

Petitioner claims that the board's finding that he was unsuitable for parole is not supported by any evidence in the record or by an individualized consideration of his circumstances.  The record shows, however, that the BPT afforded petitioner and his counsel an opportunity to speak and present their case at the hearing, gave them time to review petitioner's central file, allowed them to present relevant documents and provided them with a reasoned decision in denying parole.  As discussed below, the facts detailed by the board constitute "some evidence" to support the board's conclusion.

In finding petitioner unsuitable for parole, the board explained that it found that the facts of the crime of conviction showed particular "disregard for the safety and welfare of other people", was "especially psychologically damaging" and targeted people who were "especially vulnerable."  Hr'g Tr at 66 (Resp't Ex C).  Petitioner kidnapped a pregnant woman and her two young sons (ages eight and five) and threatened them with a shotgun. There was also evidence that the female victim was forced to copulate petitioner orally during the crime.

The board also noted that petitioner had a record going back to the age of 15 and that from that time until he was 24 years old, he did not go a single year without a conviction.  Id at 67.  The BPT confirmed that while those factors were static, they were "factor[s] of unsuitabilty" for parole.  Id at 68.

The board also found that petitioner had not given sufficient indication that he understood "the nature and the

1    magnitude of the offense." Id at 69.  The board stated that in

2    order for petitioner to prepare himself for eventual parole, he

3    needed to "explore the causation factors of such a violent crime

4    that was degrading by human standards for this poor woman."  Id

5          The board also questioned whether petitioner's post-

6    parole plans to return to live with his mother were suitable.

7    The board noted that petitioner had engaged in significant

8    criminal activity while earlier living with his mother.  Id at

9    72.  The board stated that petitioner needed to demonstrate to

10   the panel a better understanding of "plans for the future" in

11   order to be considered for parole.  Id

12         The board did commend the work petitioner had done in

13   prison and particularly noted his participation in Narcotics

14   Anonymous and Alcoholics Anonymous to treat his drug and alcohol

15   addictions.  Id at 73.  Nonetheless, the board concluded that

16   petitioner had "more work" to do and had to "sustain[] [his]

17   gains over a longer period of time."  Id

18         The state superior court upheld the decision of the BPT

19   and the state appellate and supreme courts summarily affirmed.

20   The superior court stated that, after reviewing the petition and

21   underlying documents, it found "evidence to support the Board of

22   Parole Hearings' conclusion of unsuitability for parole and its

23   denial decision."  Resp't Ex B.  Petitioner has not demonstrated

24   that the state courts' rejection of petitioner's claim was

25   contrary to, or an unreasonable application of clearly

26   established federal law, nor has he demonstrated that it was

27   based on an unreasonable determination of facts.  Petitioner has

28                                    7

also not demonstrated that an independent review of the record reveals the state courts' decisions to be objectively unreasonable.  28 USC § 2254(d).


                                   D

        Petitioner also claims that his continued incarceration violates the terms of his plea agreement.  This claim is without merit.

        Plea agreements are contractual in nature and subject to contract law standards of interpretation.  <u>In re Ellis</u>, 356 F3d 1198, 1207 (9th Cir 2004) (citing <u>United States v Hyde</u>, 520 US  670, 677-78 (1997)).  Thus, a petitioner may be entitled to habeas relief if he or she enters into a plea agreement with a state prosecutor and the prosecutor breaches the agreement.  <u>Gunn v Ignacio</u>, 263 F3d 965, 969-70 (9th Cir 2001).  After sentencing, however, a defendant who pleads guilty may not collaterally challenge a guilty plea that was voluntary and intelligently entered into with the advice of competent counsel.  <u>United States v Broce</u>, 488 US 563, 572 (1989).  Nor may a defendant collaterally attack the plea's validity merely because he or she made what turned out to be, in retrospect, a poor deal.  <u>Bradshaw v Stumpf</u>, 545 US 175, 186 (2005).

        Petitioner maintains that he expected that he would be paroled after about six years if he went to prison, worked and behaved.  He does not allege, however, that the sentencing court or prosecutor promised that the BPT would parole him on a specific date, nor does he attach a copy of his plea agreement.

8

The record shows that petitioner was sentenced pursuant to a plea agreement to an indeterminate term of seven years to life. Nothing in the record indicates that petitioner is entitled to release at any time prior to a finding by the BPT that he is suitable for parole.  Therefore, petitioner's argument that his plea agreement was violated fails.

III

For the reasons set forth above, the petition for a writ of habeas corpus is DENIED.

The clerk shall enter judgment in favor of respondent and close the file.

IT IS SO ORDERED.

DATED: January 28, 2009

_____
Vaughn R Walker
United States District Chief Judge

9